UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| EDITH TURNER, | ) | CASE NO. 1:11 CV 1726 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ERIC K. SHINSEKI, SECRETARY OF | ) | |
| VETERANS AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff *pro se* Edith Turner's above-captioned *in forma pauperis* Complaint. She names Eric K. Shinseki, Secretary of Veterans Affairs ("the VA") and VA Psychologist Dr. Edgardo Padin as Defendants. Ms. Turner alleges the Defendants discriminated against her in violation of Title VII based on race, sex, disability and in reprisal for engaging in a protected activity. In her prayer for relief, she seeks a position within the VA, as well as money damages for pain and suffering.

*Background*

The first page of the Complaint contains a time line of events in support of Ms. Turner's claims from February 1, 2011 until April 27, 2011. It begins with the VA denying her an interview for a job opening and her filing an E.E.O.C. charge the next day. One week after she was first denied an interview, the VA advised Ms. Turner that a SF [Standard Form] 50 was missing from her application. The following day, the VA denied Ms. Turner another interview and advised

her that the requisite SF 50 was missing.

In the interim, Ms. Turner sought advice from Shawn Beham in the VA's Human Resources Department regarding the need for a SF 50. In a February 8, 2010 electronic message, he explained to Ms. Turner that a SF 50 was required if she wanted to exercise her right to reinstatement employment with the VA. She subsequently submitted a complete employment package. Although her name was referred to a selection official at the VA, she was not hired for the position. On March 25, 2011, Ms. Turner filed another charge against the VA with the E.E.O.C.[1] One month later, "AP was scheduled for an interview after filing formal (E.E.O.) complaint."[2](Compl. at 1.)

The second and third pages of the Complaint, titled <u>History of VA Experience</u>, outline Ms. Turner's acrimonious relationship with Pam Lynch and Ruth Fiala. Both Ms. Lynch and Ms. Fiala are described as licensed social workers employed by the VA. In 2004, Ms. Lynch was Ms. Turner's internship supervisor. At that time, Ms. Turner believed her supervisor was hampering her growth and development as a social worker. She was reassigned under the supervision of Ms. Fiala the following year. Ms. Fiala allegedly invited Ms. Turner inside her home during work hours while the two were performing community outreach. Ms. Turner declined the invitation, and chose to sit outside of Ms. Fiala's home until she reemerged 1 ½ hours later. Ms. Fiala allegedly then told Ms. Turner she lived with another woman. Ms. Turner interpreted her comments as "sexual in

---

[1] In a letter from Regional EEO Officer James D. Jindra, dated May 17, 2011, there is a footnote stating: "A selection was made for one of the three positions March 29, 2011." (Letter from Jindra to Turner of 5/17/11, at 1, n.1.) Therefore, it is not clear what prompted the E.E.O.C. charge Ms. Turner filed four days earlier.

[2] It is not clear to whom Ms. Turner is referring in this sentence.

nature." Since the time her internships ended, Ms. Turner believes Ms. Lynch and Ms. Fiala have actively tried to destroy her character.

In 2010, Ms. Turner recounts her telephone conversation with VA EEO/Affirmative Employment Manager Andrea Freeman. At that time, Ms. Freeman allegedly notified Ms. Turner that "it's been said you're a difficult person to get along with." (Compl. at 3.) A similar statement was made that year to Ms. Turner by VA Recruiter Chuck Bonacci. Ms. Turner reported these remarks to her union representative, Darlene Estell.

Ms. Turner asserts Ms. Freeman was "supposed to locate me a job within the VA medical center, Per agreement of mediator, Debra Turner . . .". (Compl. at 3.) Shortly after their telephone conversation, however, Ms. Freeman advised Ms. Turner that she could not secure a job for her at the VA medical center.

Attached to the Complaint is a May 17, 2011 Final Decision from the Department of Veterans Affairs, Office of Resolution Management and signed by James D. Jindra, Regional EEO Officer. It is Ms. Turner's last administrative action on the E.E.O.C. charge she filed against the VA for refusing to select her as a Rehabilitation Technician because of her race, sex and disability. This discriminatory act was allegedly orchestrated by refusing to grant her an interview under what she considers the pretext of requiring a SF 50. Ms. Turner alleges the form was not required, but was used as an attempt to thwart her application for employment with the VA.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief

can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

*Title VII*

Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). At the pleading stage, a plaintiff is not required to allege facts to support a *prima facie* case of discrimination. *See Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)(employment discrimination complaint need not contain specific facts establishing a *prima facie* case under the *McDonnell Douglas* [ *v. Green*, 411 U.S. 792 (1973)] framework). This standard does not, however, eliminate the basic tenets of notice pleading. Ms. Turner does not state any facts which explain how the Defendants discriminated against her based on her race or sex. While she alludes to being entitled to employment under some agreement with a mediator, that issue is not before the Court.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a). Rule 8 does not require "detailed factual allegations," but it demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286(1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.

Ms. Turner does not provide any facts which set forth a claim of sex or race discrimination. Instead, she alleges two former supervisors have been hindering her attempts to seek employment with the VA since 2005. What she does not state, however, is that either woman is motivated to treat her less favorably because of her race or sex; thus, she has not alleged a justiciable claim of race and sex discrimination.

*Rehabilitation Act*

Ms. Turner's disability and reprisal discrimination claims similarly lack merit. Contrary to her allegations, Title VII does not protect potential employees from discrimination based on a disability. Instead, it is the Rehabilitation Act of 1973 that prohibits discrimination and retaliation in employment against disabled persons by federal agencies. *See* 29 U.S.C. §§ 791, 794 (1994); *Smith v. United States Postal Serv.*, 742 F.2d 257, 259 (6th Cir.1984). Under Title V, section 504 of the Act, federal agencies are prohibited from discriminating against the handicapped. This section of the Act declares Congress' intention that

> [n]o otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a)(2002). While Ms. Turner does not have to establish a prima facie case at this

stage, she does need to state a claim for relief.  As a threshold matter, she does not allege she is disabled.  Other than writing the word "disability" on the first page of her Complaint, Ms. Turner fails to allege any facts in support of a disability discrimination claim.  She does not allege, for example, whether she is otherwise qualified to perform the duties of the job she seeks or was excluded because of her handicap.  *See Maddox v. University of Tenn.*, 62 F.3d 843, 846 (6th Cir.1995)(citing *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir.1988), *cert. denied*, 493 U.S. 810 (1989)).  Ms. Turner has thus failed to state disability discrimination claim under the Rehabilitation Act.

Because the Rehabilitation Act explicitly incorporates the standards of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111 *et seq.*, *see* 29 U.S.C. § 794(a), courts have recognized a cause of action for retaliation, which prohibits an employer from taking any adverse action against "any individual because such individual has opposed any act or practice made unlawful by this Act...." *Hiler v. Brown*, 177 F.3d 542, 545 (6th Cir. 1999).

The Sixth Circuit has observed that a plaintiff may "easily" make out a *prima facie* case of retaliation. *McClain v. NorthWest Cmty. Corr. Ctr. Judicial Corr. Bd.*, 440 F.3d 320, 335 (6th Cir.2006) (citation omitted). In *McClain*, however, the employer established three of the four criteria for a *prima facie* case of reprisal discrimination.  Here, Ms. Turner has failed all four prongs.  She does not allege any adverse employment action or any date on which she engaged in a protected activity of which the VA was aware.  Her conclusory allegation of reprisal discrimination does not state a claim under the Rehabilitation Act.

Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which *pro se* complaints are generally viewed, Ms. Turner's Complaint does not

contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to Title VII or disability discrimination relief. *See* FED. CIV. R. P. 8(a). She thus fails to state a claim of discrimination based on race, sex, disability or reprisal.[3]

*Conclusion*

Based on the foregoing, Ms. Turner's Motion to Proceed *in forma pauperis* is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.


Dated: November 29, 2011                            *s/    James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[3]An E.E.O.C. complaint should be liberally construed to encompass all claims "reasonably expected to grow out of the charge of discrimination." *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.1992) (internal quotation marks and citation omitted). Thus, even though Ms. Turner's E.E.O.C. charge did not allege reprisal discrimination, the Court will address the claim as she could argue it reasonably resulted from her discrimination charge.

[4]28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.